## Sophia E. Hamilton, Plaintiff in Error, v. Ellen De-Long, Defendant in Error.

### Gen. No. 14,299.

1. LANDLORD AND TENANT—*when extension of lease valid. Held*, that an extension under seal by agents of the lessor without authority under seal may become valid and binding by ratification arising from the acceptance of rent by the lessor.

2. LANDLORD AND TENANT—*effect of 30-day fire reconstruction clause.* If the lessor has reserved the right to repair within thirty days after injury to the demised premises by fire and thus to keep the lease in force the tenant may waive the time limit and re-enter upon repairs completed after thirty days, and the intent so to do being established a continuance of the tenancy under the terms of the old lease may be implied.

Assumpsit. Error to the Municipal Court of Chicago; the Hon. ARNOLD HEAP, Judge, presiding. Heard in this court at the March term, 1908. Reversed and remanded. Opinion filed March 4, 1909.

P. H. BISHOP, for plaintiff in error.

D'ANCONA & PFLAUM, for defendant in error.

MR. JUSTICE BROWN delivered the opinion of the court.

This is a writ of error prosecuted by Sophia E. Hamilton, the plaintiff, to reverse a judgment of the Municipal Court of Chicago of *nil capiat* and costs in favor of the defendant, Ellen DeLong. Sophia E. Hamilton sued Ellen DeLong in said Municipal Court in three suits begun respectively July 11, 1907, August 5, 1907, and September 11, 1907. These suits were consolidated and tried before a jury on November 9, 1907. The jury found for the defendant and the judgment before described followed, a motion for a new trial having been overruled by the court.

Each of the suits in question was for one month's rent of certain premises leased by the defendant from the plaintiff on February 13, 1906. The first was for the rent of said premises for the month of July, 1907; the second for the rent for August, 1907, and the third for the rent of September, 1907.

The facts appearing on the trial were that Ellen DeLong, lessee, executed a lease under seal of the three offices Nos. 12, 13 and 14 on the second floor of a building at No. 39 East Forty-seventh street (to be occupied as a dressmaking establishment), on February 13, 1906. The lease was executed by John Hamilton, lessor, and demised the premises for a term extending from April 1, 1906, to April 30, 1907. A covenant of the lessee in said lease was to pay as rent the sum of seven hundred and forty-seven and 50/100 dollars in monthly installments of fifty-seven and 50/100 dollars each in advance on the first day of each and every month in said term. Another provision of the lease was "In case said premises shall be rendered untenantable by fire or other casualty, the lessor may at his option terminate this lease or repair said premises

within thirty days, and failing so to do, or upon the destruction of said premises by fire, the term hereby created shall cease and determine.''

Miss DeLong took possession of said premises under this lease at the beginning of the term. On the 21st of June, 1906, the lessor assigned his rights under the lease to Thomas McDairmid, and on the 22nd of June, 1906, Thomas McDairmid assigned the same to Sophia E. Hamilton, the plaintiff, who is the wife of the original lessor, John Hamilton.

July 28, 1906, the following endorsement was made upon the lease and signed as therein appears:

"CHICAGO, ILL., July 28, 1906.

This lease is hereby renewed and extended from May 1, 1907, to April 30, 1908, at a rental of $57.50 per month.

SOPHIA E. HAMILTON        [SEAL.]
By McKey & Poague, Agents.
ELLEN DE LONG        [SEAL.]''

On the 27th of February, 1907, there was a fire in the building, which rendered the rooms occupied by Miss DeLong untenantable and she vacated them. She rented from the same agents an office on the same floor and a four-room flat in another building around the corner. There was talk very soon between her and a representative of McKey & Poague, the agents of the owner, about the repair of the premises which had been burned and Miss DeLong's moving back there. A question in dispute seems to be whether this took the form of a negotiation concerning a waiver of the determination of the lease by the fire and the failure to repair within thirty days, or was entirely a proposition respecting a new lease or tenancy for a longer or shorter time. There seems to be, even in the testimony which was admitted, the suggestion of conflicting evidence about this; but on the theory on which the trial judge tried the case, the evidence of Miss DeLong was practically excluded on this point. Although the ruling was made in her favor, it was in

substitution for a motion by her counsel for a peremptory instruction.

The premises were not repaired within thirty days from the fire, but they were ready for occupancy by April 15, 1907, and at about that date Miss DeLong moved back to them. On the last day of June, 1907, she vacated the rooms again, with her belongings, with the exception of a box of books that a book-binder was to call for, and a telephone which the telephone company was to move and sent the keys to the agents so that they reached them on July 1st.

The plaintiff claims that the defendant was from April 15th to July 1st, 1907, in possession of the premises under the lease as extended by the endorsement and action thereunder; the defendant, that she was a tenant from month to month under a new and verbal arrangement. The plaintiff claims, however, that no notice of the termination of the tenancy was required, and that if it were, the bill of particulars filed by the plaintiff cuts off any possibility of her recovery of the rent for July on that theory. Miss DeLong paid no rent for March or the first half of April, 1907, but did pay for the latter part of April and for May and June, 1907.

Under the view, however, which the trial judge took of the case, this issue between the parties was not tried. The court assumed that the lease on which the endorsement appears was not extended by it, and that the lease and alleged extension cut no figure in the case.

The endorsement of July 28, 1906, on the lease, was excluded from evidence, and, as a corrollary to this, all other evidence that did not bear on the question whether the defendant was in actual visible occupation of the room June 30, 1907.

The opinion of the court, as we gather from the bill of exceptions, coincided with the claim of the defendant that the endorsement being under seal and no authority under seal having been shown from Sophia

E. Hamilton to McKey & Poague to make it, it must be considered as non-existent, and that without this endorsement there could be no basis for a claim that when Miss DeLong re-entered the apartments in April, 1907, after they had remained unrepaired during an interval of more than thirty days, she was doing so under a lease which bound her for more than a tenancy from month to month.

This theory we think was unsound.

We think that it was a proper question for the jury, on which all competent evidence should have been received, whether the agreement between Miss DeLong and Mrs. Hamilton, through her agents, after the fire, by virtue of which Miss DeLong returned to the rooms she had previously occupied, was one which waived the right of the lessee to consider the lease terminated by the failure of the lessor to repair within thirty days from the fire, and contemplated the restoration of the lessee to all the rights and duties which that lease gave and imposed on her; or was, on the other hand, one contemplating and to be construed as constituting a new tenancy from month to month, independent of and disconnected with the former tenancy under the written lease. Some testimony tending to throw light on this question was admitted on the part of the plaintiff, but that which might have further elucidated it was held unnecessary and improper for the defendant to give.

If from all the proper evidence it should be decided by the jury that the arrangement between plaintiff and defendant was in reality the waiver of the potential determination of the case and the restoration of the former relations of lessor and lessee under it, then we see no reason for not holding the endorsement of an extension from May 1, 1907, to April 30, 1908, as valid and effective a part of the lease as any other,— at all events becoming so after the thirtieth day of April, 1907, passed and the defendant stayed on.

Under these circumstances and in this view, she

must be held—always supposing she moved in on or about April 15, 1907, as a tenant under the lease—to have accepted the extension (an agreement for which she had duly executed) and retained possession under it. That would have waived, so far as she was concerned, any objection to the signature of Sophia E. Hamilton to the agreement, if any signature or execution was necessary beyond taking Miss DeLong's agreement and giving her possession of the premises, which is at least doubtful. Mrs. Hamilton also would be held, in this view, to have ratified the execution by McKey & Poague by accepting the rent paid under the extension and bringing suit for that which was not.

This being our view of the questions involved, we are constrained to reverse this judgment and remand the cause to the Municipal Court for another trial, in which the endorsement on the lease and all evidence tending to show whether or not the defendant was a tenant, under the written lease, in her later occupancy, shall be admitted.

*Reversed and remanded.*